Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LADY ANN COLÓN VELÁZQUEZ<br><br>*Peticionaria*<br><br>v.<br><br>SAMUEL EDGARDO HERNÁNDEZ ORTIZ<br><br>*Recurrido* | TA2025CE00628 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: CA2021RF00286<br><br>Sobre: Custodia-Monoparental o Compartida |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2025.

Comparece ante nos, la señora Lady Ann Colón Velázquez, (peticionaria o señora Colón Velázquez), mediante recurso de *Certiorari* presentado el 16 de octubre de 2025 y nos solicita que revoquemos la *Orden*[1] emitida el 11 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro apelado). Mediante el referido dictamen, el TPI ordenó a la Unidad Social de Relaciones de Familia y Asuntos de Menores que brindara una recomendación luego de que realizara la investigación en torno a las relaciones maternofiliales provisionales supervisadas ello dentro del término de diez (10) días. Por otra parte, la peticionaria, también solicita que se revoque la *Resolución Interlocutoria*[2] emitida por el TPI el 16 de septiembre de 2025, donde el foro apelado declaró No Ha Lugar la *Moción de Reconsideración*[3].

---

[1] Entrada núm. 142 de SUMAC.
[2] Entrada núm. 152 de SUMAC.
[3] Entrada núm. 151de SUMAC.

Por los fundamentos que expondremos a continuación, ***denegamos*** el auto solicitado y devolvemos el caso al TPI para la continuación de los procedimientos.

**II.**

Los hechos que dan origen al caso de autos comenzaron cuando la peticionaria presentó *Demanda de Custodia*[4], el 3 de mayo de 2021. Allí, alegó que la relación con el Sr. Samuel Edgardo Hernández Ortiz (recurrido o señor Hernández Ortiz) terminó por el *maltrato emocional y físico que el señor Hernández sometió a su familia*[5]. Alegó que se le concedió una orden bajo la Ley 246, la cual estuvo vigente desde el 30 de marzo de 2021 hasta el 22 de abril de 2021 y la *Orden Ex Parte* vigente desde el 23 de marzo de 2021 al 30 de marzo de 2021. Dicha Orden establecía que el recurrido no podía relacionarse con sus hijos menores. Ante ello, solicitó la custodia de sus hijos menores de edad I.V.H.C. y H.S.H.C., la suspensión de las relaciones paternofiliales hasta la determinación del Departamento de la Familia y que se declarara como hogar seguro un apartamento en Isla Verde propiedad del recurrido.

El 20 de julio de 2021, el foro apelado notificó la *Minuta Resolución*[6] de la Vista de Custodia llevada a cabo el 19 de julio de 2021, y le otorgó la custodia monoparental de los menores I.V.H.C y H.S.H.C a la señora Colón Velázquez.

El 10 de enero de 2022, se presentó el "*Informe Social Confidencial*"[7] del Departamento de la Familia realizado el 27 de diciembre de 2021 al cual se adjuntó el *Certificado de Cumplimiento* del recurrido. El 31 de enero de 2022, se celebró Vista de Lectura de Informe Social y, el 22 de febrero de 2022, el TPI dictó *Sentencia*[8] en

---

[4] Entrada núm. 1 del Sistema Unificado de Manejo y Administración de Casos, (SUMAC).
[5] *Íd.*
[6] Entrada núm. 22 de SUMAC.
[7] Entrada núm. 36 de SUMAC. Se concluye que se provean relaciones paternofiliales en fines de semanas alternos al señor Hernández Ortiz.
[8] Entrada núm. 48 de SUMAC.

la que acogió las recomendaciones del Informe Social Forense presentado por la Unidad de Relaciones de Familia y dispuso lo siguiente:

1. Se establecen las relaciones paterno-filiales en fines de semanas alternos desde viernes a las 5:00pm hasta domingo a las 6:00pm. El padre se comunicará con los menores, martes y jueves de 6:00pm a 6:30pm, a través de Facetime.

2. En la celebración del Día de Padres/Madres los menores compartirán con el progenitor de su celebración, compartiendo con el padre de 10:00am a 6:00pm, si es que no coincide con el plan filial.

3. El día de cumpleaños de los menores y de los padres, compartirán dos horas, si es día de semana, recogerán al menor en la escuela. Si el cumpleaños es fin de semana, las partes llegarán a un acuerdo.

4. En el periodo de receso escolar en verano, los menores compartirán con el padre durante la segunda semana en junio, después de finalizar las clases y la segunda semana de julio. Durante ese tiempo la progenitora se comunicará con el menor una vez al día, si fuera el deseo de los menores. En verano, la semana comienza de domingo a domingo.

5. En el Día de Acción de Gracias, los menores compartirán con el padre años alternos desde el jueves a las 10:00am hasta el domingo a las 6:00pm.

6. En el periodo navideño los menores compartan con el padre años alternos de la siguiente manera: a) Del 24 de diciembre a las 5:00pm hasta el 1 de enero a las 3:00pm, comenzando en el 2022. b) Del 31 de diciembre a las 5:00pm hasta el 1 de enero a las 3:00pm, comenzando en el 2022. c) Del 5 de enero a las 5:00pm al 6 de enero a las 6:00pm, comenzando en el 2024. d) El día de Navidad y Reyes, independientemente si los menores están con el padre o la madre, hará entrega de regalos de 3:00pm a 7:00pm.

7. Ambos padres deberán proveer un ambiente seguro para el menor.

8. La señora Colón Velázquez deberá fomentar las relaciones filiales y mantener al padre informado sobre los asuntos de los menores.

9. El menor deberá continuar con los servicios en el área de salud mental. El padre deberá integrarse.

10. La progenitora continuará con los servicios de salud mental que recibe.

11. Los progenitores deberán beneficiarse de servicios profesionales para mejorar la comunicación para que trabajan en el mejor bienestar de los menores. Se sugiera las

siguientes alternativas: a) Deberán coordinar el servicio con algún psicólogo/a, trabajador/a social, consejero profesional que acepte su plan médico. b) Centro de Ayuda de Terapia Individual, Pareja y Familiar Vida Plena. Ubicada en: 200 Ave. Cupey Gardens Suite 6 Plaza Cupey, San Juan. Teléfono 787-292-6420. c) Instituto del Hogar Celia y Harris Bunker. Ubicado en: Calle Los Mirtos 154 Hyde Park, San Juan. Teléfono 787-765-7895, 765-7899, 765-78796. d) Centro de Consejería y Servicios Integrales OASIS. Ubicado en: Calle Antonio Jimenez Landrau, Carolina. Tel. 787-944-4411.

12. Ambos padres se pondrán de acuerdo para gestionar el pasaporte de los menores.

El 9 de marzo de 2023, el recurrido presentó *Moción Urgente Solicitando Custodia Monoparental de los Menores y Otros*[9]. En síntesis, alegó que la peticionaria realizó actos de enajenación parental y reportó un acto de negligencia y descuido del menor. El 21 de marzo de 2023, el TPI emitió una orden[10] para una vista urgente sobre las relaciones y un referido a la Unidad Social para evaluar custodia monoparental y compartida, entre otros asuntos.

En oposición, el 2 de abril de 2023, la peticionaria presentó *Dúplica a "Moción en Oposición y en Réplica a Otra; Moción Solicitando el Desacato Ante el Incumplimiento en la Entrega de los Menores"*[11].

Así las cosas, el recurrido solicitó una orden de protección ex parte contra la peticionaria. Por ende, el 5 de junio de 2025, el Tribunal de Primera Instancia, Sala Municipal de Ponce, expidió una *Orden de Protección*[12] por un término de dos meses en contra de la peticionaria, por alegada negligencia emocional por haber incurrido en actos de violencia doméstica frente a uno de los menores. El 9 de julio de 2025, el recurrido presentó a *Moción Custodia Monoparental*[13], en esta, esbozó que, desde abril de 2025, ostentaba la custodia de los menores de edad, y solicitó que se refiriera el

---

[9] Entrada núm. 55 de SUMAC.
[10] Entradas núm. 57-59 de SUMAC.
[11] Entrada núm. 60 de SUMAC.
[12] Entrada núm. 99 de SUMAC.
[13] Entrada núm. 100 de SUMAC.

asunto a la Oficina de Relaciones de Familia para el estudio correspondiente.

Como consecuencia de esta Moción, el 10 de julio de 2025, el TPI emitió la siguiente *Orden*[14]: "Se refiere el asunto a la ORF, para que investigue y presente el correspondiente informe". Por su parte, la señora Colón Velázquez presentó su posición por escrito[15].

En lo pertinente, el 13 de agosto de 2025, la peticionaria presentó *Moción Solicitando Relaciones Materno Filiales y Recomendación Provisional*[16]. En síntesis, alegó que el 5 de agosto de 2025 venció la orden de protección provisional, la cual le había privado a la madre del ejercicio de la custodia de sus hijos menores. Además, solicitó que el foro apelado ordenara al recurrido llevar a los menores a la cita con la trabajadora social de la Oficina de Relaciones de Familia y ahí relacionarse con sus hijos, y que instruyera a la trabajadora social a supervisar el primer encuentro y emitir una recomendación provisional sobre el establecimiento inmediato de relaciones maternofiliales mientras se dilucida lo relacionado a la privación de custodia que venció el 5 de agosto de 2025. El 21 de agosto de 2025, el TPI dictó una Orden[17] en la que dispuso: *Con lugar a lo solicitado, Se habiendo una Orden de protección en contra de la señora Lady Ann Colón Velázquez para que se relacione con los menores. Se autoriza las relaciones materno filiales supervisadas en la cita ante la unidad social. Se dispone que una vez se reciba la recomendación de la TS se establecerán unas relaciones materno filiales provisionales hasta que se radique el referido informe y se discuta en vista.*

El 27 de agosto de 2025, la Trabajadora Social Karina Zayas Pérez presentó *Moción Informativa*[18]. El 2 de septiembre de 2025, la

---

[14] Entrada núm. 101 de SUMAC.
[15] Entradas núm. 109, 117 y 125 de SUMAC.
[16] Entrada núm. 125 de SUMAC.
[17] Entrada núm. 128 de SUMAC.
[18] Entrada núm. 136 de SUMAC.

peticionaria presentó *Moción Solicitando Devolución Inmediata de Custodia y Citación de Testigos*[19], esbozó que, el TPI dispuso que se establecieran relaciones supervisadas en la Oficina de Relaciones de Familia antes de la vista a celebrarse el 11 de septiembre de 2025. Sin embargo, dichas relaciones no se han materializado por incumplimiento del padre y por atrasos administrativos, como se desprende del propio informe de la Trabajadora Social Karina Zayas Pérez. El 8 de septiembre de 2025, el recurrido presentó *Moción en Réplica y en Oposición*[20]. El 11 de septiembre de 2025, la peticionaria presentó escrito titulado *Moción en Oposición a la Réplica del Padre y Solicitando Devolución de Custodia y Solicitud se Refiera las Alegaciones de la Madre a la Oficina de Relaciones de Familia para ser Investigadas*[21]. Ese mismo día, el TPI dictó una *Orden*[22] y, al día siguiente, se transcribió la *Minuta*[23] de la vista celebrada el 11 de septiembre de 2025. El TPI ordenó a la Unidad Social de Relaciones de Familia y Asuntos de Menores que, en el término de 10 días, informara el estatus del referido de investigación y la recomendación en torno a las relaciones maternofiliales provisionales supervisadas[24].

El 15 de septiembre de 2025, la Trabajadora Social Karina Zayas Pérez presentó *Moción Informativa*[25] "sobre el incumplimiento por parte del recurrido con las relaciones maternofiliales supervisadas, ordenadas por el TPI". El 15 de septiembre de 2025[26], el foro apelado ordenó al recurrido a cumplir con el plan de relaciones maternofiliales supervisadas, so pena de encontrarlo incurso en desacato[27]. En igual fecha, la peticionaria presentó

---

[19] Entrada núm. 137 de SUMAC.
[20] Entrada núm. 138 de SUMAC.
[21] Entrada núm. 139 de SUMAC.
[22] Entrada núm. 142 de SUMAC.
[23] Entrada núm. 144 de SUMAC.
[24] *Íd.*
[25] Entrada núm. 145 de SUMAC.
[26] Notificada el 16 de septiembre de 2025.
[27] Entrada núm. 146 de SUMAC.

*Moción de Reconsideración*[28] y, ese mismo día, fue declarada *No Ha Lugar* mediante *Resolución Interlocutoria*[29].

Insatisfecha aún, el 16 de octubre de 2025, la peticionaria acudió a este foro intermedio mediante recurso de *Certiorari* y señaló la comisión de los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL DEJAR SIN EFECTO LA ORDEN EMITIDA EL 21 DE AGOSTO DE 2025 (ENT. #128); MEDIANTE ORDEN EMITIDA EL 11 DE SEPTIEMBRE DE 2025 (ENT. #142) SIN MEDIAR RECONSIDERACIÓN DE PARTE ALGUNA, SIN FUNDAMENTO JURÍDICO Y EN PERJUICIO DE LA PETICIONARIA Y LOS MENORES.

> **SEGUNDO ERROR**: ERRÓ EL TRINUNAL DE PRIMERA INSTANCIA AL RESTRINGIR INJUSTIFICADAMENTE LA FUNCIÓN DE LA TRABAJADORA SOCIAL DE LA UNIDAD DE RELACIONES DE FAMILIA Y ASUNTOS DE MENORES A CARGO DEL CASO, AL IMPONERLE RESTRICCIONES DE PLANO (ORDENANDO UNAS RELACIONES MATERNOFILIALES PROVISIONALES SUPERVISADAS), IMPIDIENDO QUE ESTA EJERZA SU JUICIO PROFESIONAL Y FORMULE RECOMENDACIONES BASADAS EN LOS HALLAZGOS DE SU INVESTIGACIÓN.

El 23 de octubre de 2025, esta Curia emitió una *Resolución* ordenándole al recurrido que mostrara causa por la cual no se debía expedir el recurso presentado. Transcurrido el término, el señor Hernández Ortiz no compareció. Así pues, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[30] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[31]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando

---

[28] Entrada núm. 151 de SUMAC.
[29] Entrada núm. 152 de SUMAC.
[30] 32 LPRA Ap. V, R. 52.1.
[31] 4 LPRA Ap. XXII-B, R. 40.

estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[32]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[33].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[34]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[35].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir

---

[32] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[33] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[34] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[35] 32 LPRA Ap. V, R. 52.1.

un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales[36]. Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique[37]. El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con

---

[36] *In re Collazo I,* 159 DPR 141, 150 (2003).
[37] *Íd.*

miras a que se logre una justicia rápida y eficiente[38]. Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto**[39]. El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad[40].

### III.

Expuesto el marco jurídico y ponderados los argumentos de la peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra*, faculta a este tribunal apelativo, por vía de excepción, para revisar determinaciones del foro primario de casos sobre relaciones de familia, nos abstenemos de intervenir[41].

Al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida, pues la Peticionaria no ha demostrado que el foro *a quo* se excedió en el ejercicio de su discreción o se equivocó en la interpretación del derecho, que justifique nuestra intervención. Tampoco constató que, el abstenernos de interferir en la determinación recurrida, constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, de manera que estemos llamados a ejercer nuestra función revisora.

---

[38] *In re Pagani Padró*, 181 DPR 517, 529 (2011).
[39] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).
[40] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[41] El pasado 4 de noviembre, la trabajadora social Zayas Pérez presentó su *Moción Informativa* aduciendo que tiene programado visitar el Colegio Caribbean School y el plan de las relaciones materno filiales supervisadas se está llevando a cabo, así como ofreció las fechas y horas.

Por virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos expuestos, ***denegamos*** la expedición del auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones